FILED
97 MAY -8 PM 1: 19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

MARIAN ELAINE HAIGES, )
)
Plaintiff, )
)
vs. ) CV 96-PT-0955-E
)
THE KENDALL COMPANY, TYCO )
INTERNATIONAL, )
)
Defendants. )

**ENTERED**
**MAY 8   1997**

## Memorandum Opinion

This cause comes on to be heard on a motion for summary judgment filed by defendants The Kendall Company ("Kendall") and Tyco International Ltd. ("Tyco") on March 19, 1997. The defendants, in their brief, contend that the plaintiff, Marian Elaine Haiges ("Haiges"), cannot state a claim for either age or gender discrimination against either defendant. In her response brief, the plaintiff agreed with the defendants in part and abandoned all of her claims against Tyco and her gender discrimination claim against Kendall. These claims will therefore be **DISMISSED**. The only issue before this court is whether the plaintiff can state a claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") against the remaining defendant, Kendall.

On a motion for summary judgment, the court must assess the proof to ascertain whether there is a genuine need for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is appropriate only if this court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Celotex Corp. v.

23

Catrett, 477 U.S. 317, 322 (1986). A party seeking summary judgment bears the initial responsibility of informing this court of the grounds for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes prove the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met this burden, the nonmoving party "must produce evidence that shows there exists a genuine issue of material fact." Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing the presence of a genuine issue for trial. Celotex, 477 U.S. at 324. The court may consider the offered "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . " in deciding whether to grant or deny a summary judgment motion. FED. R. CIV. P. 56(c). In resolving whether a given factual dispute requires submission to a jury, the court must view the presented evidence through the prism of the substantive evidentiary burden. Anderson, 477 U.S. at 254-55. The court, however, must avoid weighing conflicting evidence for probity or making credibility determinations. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992). Considering the above, this court must examine the evidence to determine the existence of genuine issues of material fact as to the various claims.

## Facts

The plaintiff was hired by Kendall in 1977 as a clerk in the Human Resources Department of its main plant in Albertville, Alabama. She was employed in this position until 1985, when she became the secretary to the plant manager of the main plant. The duties of her position included answering the telephone, typing, filing, processing paper work for handling waste, and arranging travel. At the time of her termination, she was fifty-eight.

Because of upgrading in other plant facilities, Kendall decided to consolidate its east plant facility (also in Albertville) into its main plant. This consolidation began in 1994 and, allegedly, resulted in the plaintiff's termination on January 18, 1995. In all, six positions were eliminated. Kendall contends that all six were eliminated due to the consolidation; the plaintiff contends that only four were eliminated due to consolidation. She contends that the two other positions, those of the plaintiff and Sue Miller, who was 62, were not eliminated based upon consolidation, but were

eliminated solely due to age discrimination.[1] The duties of the plaintiff's job, upon its elimination, fell to three younger individuals, Donna Gray, age 43, Pat Smith, age 44, and Bobby Howard, age 36. At the time of the plaintiff's termination there were no other open positions.

Kendall gives two reasons for the elimination of the plaintiff's position. First, contends the defendant, the position was eliminated because of the consolidation of the plants. Second, Kendall states, the plaintiff's position was underutilized.

## Contentions & Analysis

Both the plaintiff and defendant agree that there is not direct evidence of age discrimination and that the plaintiff's claim of age discrimination is to be made or broken on circumstantial evidence. Recently, in Combs v. Plantation Patterns, 106 F.3d 1519 (11th Cir. 1997), the Eleventh Circuit Court of Appeals stated:

> In evaluating Title VII claims supported by circumstantial evidence, we use the now-familiar framework established by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 [] (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 [] (1981). Under that framework, the plaintiff has the initial burden of establishing a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802 []; Burdine, 450 U.S. at 253-54 & n. 6 [].
>> Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee. If the trier of fact believes the plaintiff's evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case.
> Burdine, 450 U.S. at 254, 101 S.Ct. at 1094 (footnote omitted).
>> The effect of the presumption of discrimination created by establishment of the prima facie case is to shift to the employer the burden of producing legitimate, nondiscriminatory reasons for the challenged employment action. McDonnell Douglas, 411 U.S. at 802 []; Burdine, 450 U.S. at 254 []. To satisfy that burden of production, "[t]he defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." Burdine, 450 U.S. at 254-55 [] (citation and footnote omitted). "[T]o satisfy this intermediate burden, the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Id. at 257, 101 S.Ct. at 1096 (emphasis added).

---

[1] The plaintiff claims that she and Ms. Miller were the third and second oldest salaried employees working in Albertville at the time of their termination. Kendall points out that it retained a number of other older employees, but none of these were salaried. Also, the plaintiff points out that these two positions were the only positions eliminated in the main plant.

> If a defendant carries its burden of producing legitimate, nondiscriminatory reasons for its decision, the presumption of discrimination created by the McDonnell Douglas framework "drops from the case," and "the factual inquiry proceeds to a new level of specificity." Burdine, 450 U.S. at 255 & n. 10 []. However, elimination of the presumption does "not imply that the trier of fact no longer may consider evidence previously introduced to establish a prima facie case." Id. at 255 n. 10 []. As the Supreme Court has explained:
>> A satisfactory explanation by the defendant destroys the legally mandatory inference of discrimination arising from the plaintiff's initial evidence. Nonetheless, this evidence and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual. Indeed, there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation.
>
> Id.
> Once a defendant satisfies its intermediate burden of production, and the initial presumption of discrimination accompanying the prima facie case has been eliminated, the plaintiff has the opportunity to discredit the defendant's proffered explanations for its decision. According to the Supreme Court:
>> [The plaintiff] now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision.... [The plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.
>
> Id. at 256 [] (emphasis added) (citation omitted). In other words, the plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision. Id.; McDonnell Douglas, 411 U.S. at 804 [].

Combs v. Plantation Patterns, 106 F.3d 1519, 1527-28 (11th Cir. 1997).

The defendant states that, because the plaintiff's termination arose out of the legitimate consolidation of the plants, the present case is one of a legitimate reduction in force. In a legitimate reduction in force case, states the defendants, a prima facie case is to be made out using the scheme set out in Earley v. Champion Int'l Corp., 907 F.2d 1077, 1082-83 (11th Cir. 1990):

> Generally, a plaintiff in a job-reduction case can establish a prima facie case by demonstrating (1) that he was in a protected age group and was adversely affected by an employment decision; (2) that he was qualified for his current position or to assume another position at the time of discharge or demotion; and (3) evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue. Barnes[v. Southwest Forest Indus., Inc.], 814 F.2d [607,] 609; accord Williams v. General Motors Corp., 656 F.2d 120, 129 (5th Cir. Unit B Sept. 1981) [FN3]; see also Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045-46 (11th Cir.1989); Rollins, 833 F.2d at 1532 n. 14; Mauter, 825 F.2d at 1557. Where a particular job position is entirely eliminated for nondiscriminatory reasons, for plaintiff to prevail against his employer he must show that he was qualified for another available job with that employer; qualification for his current position is not enough. Barnes, 814 F.2d at 609; Williams, 656 F.2d at 129; cf. Rosenfield v. Wellington Leisure Products, Inc., 827

> F.2d 1493, 1495 n. 2 (11th Cir.1987) (where plaintiff is discharged from previously held position, "prong requiring proof of qualification [for that position] is removed").

Kendall argues that, the plaintiff cannot demonstrate a prima facie case because there were no other available positions at the time of the legitimate reduction in force for which she was qualified. The plaintiff responds that the elimination of the plaintiff's position was not pursuant to a legitimate reduction in force and that therefore, she does not need to satisfy the scheme set out in Earley. Instead, she states, quoting Isenbergh v. Knight-Ridder Newspaper Sales, Inc., 97 F.3d 436, 440 (11th Cir. 1996), that "employment discrimination cases are not easily categorized and . . . any prima facie case test must be flexible." According to the plaintiff, the court is to examine the facts presented and determine whether they provide the basis for an inference that the adverse employment decision was motivated by age. Id.

The plaintiff has stated a prima facie case. That the positions of the plaintiff and one of the two older salaried employees were eliminated in decisions made allegedly independent of the decision to consolidate the two plants raises the specter of improper motivation behind the elimination of those two positions. Therefore, the court need not resolve whether there were other available positions for which the plaintiff was qualified under Earley. The plaintiff satisfies the required elements of her prima facie case: She was fifty-eight years of age, qualified for her present position and the elimination of jobs at the main plant fell not on any younger salaried employees, but upon two of the eldest three individuals employed in the main plant.

The defendant next contends that it has a legitimate non-discriminatory reason for the termination in that the plaintiff's position was underutilized and that the work could more effectively be farmed out to other employees in the main plant.[2] By "underutilized," the defendant means that the plaintiff's position did not require a full-time employee to perform. The plaintiff responds that the argument is a pretext for discrimination because in response to EEOC charge Kendall never raised underutilization as a reason for its elimination of the plaintiff's position. In addition, states the plaintiff, in a January 17, 1994 position description questionnaire approved by the plant manager, the plaintiff's position is listed as a full-time position requiring full-time staffing.

The plaintiff has presented the skin of an evidentiary issue as to whether Kendall's

---

[2] Kendall also raises the argument that the reason for the elimination of the position was the consolidation in the workforce. The court addressed this claim in the paragraphs prior and stated that the plaintiff has raised a sufficient reason to find the consolidation rationale of the defendant to be a pretext for discrimination.

underutilization rationale for the plaintiff's termination is pretext for discrimination. The evidence is not very strong, but it is satisfactory to convince a reasonable trier of fact that the defendant's reason the elimination of the plaintiff's position is not true. Although a determination that the reasons are to be (or could be) disbelieved does not mandate a judgment for the plaintiff, it certainly allows for it, "in tandem with the plaintiff's prima facie case...." Combs v. Plantation Patterns, 106 F.3d at 1529.

> [A] plaintiff is entitled to survive summary judgment, and judgment as a matter of law, if there is sufficient evidence to demonstrate a genuine issue of fact as to the truth of each of the employer's proffered reasons for its challenged action.

Id. The plaintiff has satisfied her burden, albeit on weak evidence, and can therefore proceed to trial.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment will be **GRANTED** in part and **DENIED** in part. All of the plaintiff's claims against Tyco and her gender discrimination claims against Kendall will be **DISMISSED**, with prejudice. The plaintiff's age discrimination claim can proceed.

This ____ day of May 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE